IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01058-BNB

REGGIE N. KEYES,

    Applicant,

v.

MICHAEL MILLER, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER TO SUPPLEMENT PRE-ANSWER RESPONSE

    Applicant, Reggie N. Keyes, is a prisoner in the custody of the Colorado Department of Corrections and is currently incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado.  Mr. Keyes initiated this action by filing a **pro se** Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on April 19, 2012.

    As part of the preliminary consideration of the amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in this case, the Court determined that a limited pre-answer response was appropriate.  Therefore, on May 7, 2012, Respondents were directed, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and pursuant to **Denson v. Abbott**, 554 F. Supp. 2d 1206 (D. Colo. 2008), to file a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  After receiving an extension of time, Respondents submitted their pre-answer response on June 25, 2012.  Applicant's

deadline to file a Reply has not passed.

The Court has reviewed the Pre-Answer Response and has determined that a supplement is required. Although Respondents were directed to submit with the Pre-Answer Response any relevant state court documents to support the defense of failure to exhaust state remedies, Respondents have not submitted all relevant portions of the state court record. In particular, Respondents have not provided submitted a copy of the Colo. Crim. P. Rule 35 motions that have been pending in the Bent County District Court since May and June 2011.

Respondents argue that Mr. Keyes has not exhausted state court remedies for claims 3(b), 3(f), 8 and 9, and has committed an anticipatory procedural default of claims 1, 2, 3(c)-(e), 3(g)-(i), 4, 5, 6, 7 and 10. However, it is unclear whether any of these claims are asserted in Applicant's pending state court post-conviction proceeding. The Court cannot determine definitively whether Mr. Keyes' § 2254 Application should be dismissed without prejudice as a mixed petition, or whether his claims are procedurally defaulted, without reviewing the contents of the state post conviction motions and any supporting briefs he filed in the Bent County District Court. Therefore, Respondents will be directed to file a supplement to the Pre-Answer Response and to provide the requested documentation as discussed in this order. Accordingly, it is

ORDERED that **on or before July 24, 2012**, Respondents shall file a supplement to the pre-answer response that complies with this order.

DATED July 10, 2012, at Denver, Colorado.

                                              BY THE COURT:

                                              s/ Boyd N. Boland
                                              United States Magistrate Judge