IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01058-BNB

REGGIE N. KEYES,

    Applicant,

v.

MICHAEL MILLER, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

___

ORDER DENYING REQUEST TO STAY APPLICATION
AND ORDER TO SHOW CAUSE

___

    Applicant, Reggie N. Keyes, is in the custody of the Colorado Department of Corrections and is incarcerated at the Fremont Correctional Facility in Canón City, Colorado.  He has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging his conviction for misdemeanor menacing and first degree possession of contraband involving a dangerous weapon, a class four felony in Bent County District Court Case No. 2005CR84.  He was adjudicated a habitual criminal and sentenced to twenty-four years in prison. Mr. Keyes has paid the $5.00 filing fee.

    Mr. Keyes asserts ten claims in the Application.  The parties agree that some of Applicant's claims are currently pending before the state district court in a Colorado Criminal Procedure Rule 35 proceeding.  (*See* ECF Nos. 18 and 20).  Applicant asks the Court to hold his § 2254 Application in abeyance while he exhausts state remedies for his unexhausted claims.  (ECF No. 20)

## I. Applicable Legal Standards

Applicant's **pro se** pleadings are afforded a liberal construction. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). Although the Court does not act as an advocate for a **pro se** litigant, **see Hall**, 935 F.2d at 1110, because of the procedural complexities inherent in habeas corpus proceedings, some advisement to Mr. Keyes is warranted to inform his decision in this matter.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. **See O'Sullivan v. Boerckel**, 526 U.S. 838 (1999); **Dever v. Kansas State Penitentiary**, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. **See Castille v. Peoples**, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." **Dever**, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. **Picard v. Connor**, 404 U.S. 270, 278 (1971); **see also Nichols v. Sullivan**, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," **Picard**, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary

to support the federal claim were before the state courts." **Anderson v. Harless**, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. **See Duncan v. Henry**, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." **Hernandez v. Starbuck**, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. **See Miranda v. Cooper**, 967 F.2d 392, 398 (10th Cir. 1992). Even if state remedies properly have been exhausted as to one or more of the claims presented, a habeas corpus application is subject to dismissal as a mixed petition unless state court remedies have been exhausted for all of the claims raised. **See Rose,** 455 U.S. at 522; **Harris v. Champion**, 48 F.3d 1127, 1133 (10th Cir. 1995).

## II. Request to Stay § 2254 Application

Pursuant to **Rhines v. Weber**, 544 U.S. 269 (2005), this Court has discretion to stay a mixed petition while a habeas petitioner returns to state court to exhaust his unexhausted claims. **Id.** at 277. However, "stay and abeyance should be available only in limited circumstances." **Id.** A habeas petitioner must establish "good cause" for his failure to first exhaust the claims in state court. **Id.** In **Rhines**, the Supreme Court was concerned about the possible expiration of the AEDPA one-year limitation period while an Application remained pending in federal court. **Id.** at 269-70; **see also Duncan v. Walker**, 533 U.S. 167, 181-82 (2001) (holding that AEDPA limitation period is not tolled during pendency of federal habeas petition). No such concern is presented here.

The Colorado Supreme Court denied certiorari review in Mr. Keyes' direct appeal proceeding on April 18, 2011. (*See* ECF No. 14-8). Applicant did not seek a writ of certiorari review with the Colorado Supreme Court. As a result, his conviction became final ninety days later, on July 18, 2012,[1] when the time in which he could have petitioned for review in the United States Supreme Court expired. **See** Sup. Ct. R. 13(1); **Locke v. Saffle**, 237 F.3d 1269, 1273 (10th Cir. 2001). The time limitation period for purposes of 28 U.S.C. § 2244(d) began to run on July 19, 2012. **See Harris v. Dinwiddie**, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (noting that one-year limitation period commences the day after expiration of the time for seeking review, citing **United States v. Hurst**, 322 F.3d 1256, 1261-62 (10th Cir. 2003)). Applicant filed his Colo. Crim. P. Rule 35 motion in Bent County District Court on May 19, 2011, thirty-one days later. (*See* ECF No. 14-1, at 11 of 35). A properly filed state post conviction motion tolls the AEDPA time clock. **See** 28 U.S.C. § 2244(d)(2); **Habteselassie v. Novak**, 209 F.3d 1208 (10th Cir. 2000). It appears that Mr. Keyes may be able to meet the AEDPA's one-year filing requirement if he acts diligently to file his federal application once the state court has finally resolved his unexhausted claims. Accordingly, the Court finds no basis for staying this action until Mr. Keyes has exhausted his state court remedies for his unexhausted claims. Mr. Keyes states in his motion that the state district court appointed counsel to represent him in his state post-conviction proceeding on July 13, 2012. (*See* ECF No. 20, at 3 of 6). Counsel may further refine Applicant's claims.

---

[1] The 90th day, July 17, 2011, was a Sunday. July 18, 2011, was the first business day following the expiration of the 90-day period. *See* Fed. R. Civ. P. 6(a).

### III.  Order to Show Cause

Because Mr. Keyes is asserting both exhausted and unexhausted claims, he will be ordered to show cause why the Application should not be denied as a mixed petition. *See Rose*, 455 U.S. at 522; *Harris*, 48 F.3d at 1133.  In order to avoid dismissal of a habeas application as a mixed petition, an applicant may elect to dismiss any unexhausted claims and pursue only those claims for which state remedies already have been exhausted.  If an applicant wishes to pursue all of his claims in federal court the habeas action will be dismissed without prejudice so that the applicant may exhaust state remedies.  He then may file a new application for a writ of habeas corpus once all of his claims are exhausted.

A decision to dismiss unexhausted claims and pursue immediately only exhausted claims likely will bar an applicant from seeking review of the unexhausted claims in a second or successive application.  *See* 28 U.S.C. § 2244(b).  Alternatively, if an applicant elects to dismiss the entire action and return to state court to exhaust the unexhausted claims before seeking relief in federal court, the one-year limitation period in § 2244(d) will be applied to any new federal court action the applicant seeks to file. Furthermore, the time during which a 28 U.S.C. § 2254 application is pending in this Court does not toll the one-year limitation period in § 2244(d).  *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)" and "therefore did not toll the limitation period during the pendency of [an applicant's] first federal habeas petition").  The fact that the

instant action currently is timely under § 2244(d) does not mean that any future action filed by Mr. Keyes will be timely.

Mr. Keyes will be afforded an opportunity to show cause why the instant action should not be dismissed as a mixed petition. Alternatively, the Court will allow Mr. Keyes to dismiss voluntarily his unexhausted claims and to proceed with the exhausted claim(s). If Applicant fails to provide a clear response indicating his intentions, he will have failed to show cause as directed, and the Court will dismiss the instant action as a mixed petition. Accordingly, it is

ORDERED that the Request for Order Holding the Habeas Petition in Abeyance Pending Exhaustion in State Court of Unexhausted Claims (ECF No. 20), filed on August 24, 2012, is **denied**. It is

FURTHER ORDERED that Mr. Keyes show cause within **thirty days from the date of this Order** why the Application should not be denied as a mixed petition for failure to exhaust state court remedies. It is

FURTHER ORDERED that, alternatively, Mr. Keyes may dismiss voluntarily the unexhausted claims and proceed with only the exhausted claim(s).

FURTHER ORDERED that the Application will be denied and the action will be dismissed without further notice if Mr. Keyes fails to show cause as directed within the time allowed.

DATED September 4, 2012, at Denver, Colorado.

                                BY THE COURT:

                                s/ Boyd N. Boland
                                United States Magistrate Judge