IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01058-BNB

REGGIE N. KEYES,

     Applicant,

v.

MICHAEL MILLER, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Respondents.

_____

ORDER OF DISMISSAL
_____

     Applicant, Reggie N. Keyes, is in the custody of the Colorado Department of

Corrections and is incarcerated at the Fremont Correctional Facility in Cañón City,

Colorado.  He has filed an Application for a Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2254 challenging his conviction for misdemeanor menacing and first degree

possession of contraband involving a dangerous weapon, a class four felony in Bent

County District Court Case No. 2005CR84.  He was adjudicated a habitual criminal and

sentenced to twenty-four years in prison. Mr. Keyes has paid the $5.00 filing fee.

     Mr. Keyes asserts ten claims in the Application.  The parties agree that some of

Applicant's claims are currently pending before the state district court in a Colorado

Criminal Procedure Rule 35 proceeding.  (*See* ECF Nos. 18 and 20).

     On September 4, 2012, Magistrate Judge Boyd N. Boland entered an Order

denying Applicant's request to stay the Application pending his exhaustion of state

remedies.  The September 4 Order also directed Mr. Keyes to show cause within thirty (30) days why the Application should not be dismissed as a mixed petition.

On September 19, 2012, Mr. Keyes filed a "Request to Withdraw Habeas Petition So the Applicant Can Exhaust His Remaining State PostConviction Remedies Without Prejudice So the Entire Record May Be Reviewed Upon Exhaustion" (ECF No. 22).

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever*, 36 F.3d at 1534.

"The exhaustion requirement is not one to be overlooked lightly."  *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).  Even if state remedies properly have been exhausted as to one or more of the claims presented, a habeas corpus application is subject to dismissal as a mixed petition unless state court remedies have been exhausted for all of the claims raised.  *See*

2

*Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Harris v. Champion*, 48 F.3d 1127, 1133 (10th Cir. 1995).

Mr. Keyes' federal Application contains both exhausted and unexhausted claims. Applicant has elected to voluntarily dismiss his Application so that he may exhaust state remedies for all of his claims and then return to federal court.  Mr. Keyes is reminded that the one-year limitation period in 28 U.S.C. § 2244(d) will be applied to any new federal court action that he files.  Furthermore, the time during which a 28 U.S.C. § 2254 application is pending in this Court does not toll the one-year limitation period in § 2244(d).  *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)" and "therefore did not toll the limitation period during the pendency of [an applicant's] first federal habeas petition").  Accordingly, it is

ORDERED that Applicant's "Request to Withdraw Habeas Petition So the Applicant Can Exhaust His Remaining State PostConviction Remedies Without Prejudice So the Entire Record May Be Reviewed Upon Exhaustion" (ECF No. 22), filed on September 19, 2012, is GRANTED.  It is

FURTHER ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.

DATED at Denver, Colorado, this  25th  day of   September  , 2012.

BY THE COURT:

 s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court